IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ )<br>MILITARY CERTIFIED RESIDENTIAL )<br>SPECIALIST, LLC  and MILRES, LLC )<br> )<br> *Plaintiffs* )<br> )<br>v. )<br> )<br>FAIRWAY INDEPENDENT MORTGAGE )<br>CORPORATION )<br> )<br> *Defendant* )<br>_____ ) | Civil Action No. 16-cv-166-SLR |

**DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
ANSWER AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT**

Defendant FAIRWAY INDEPENDENT MORTGAGE CORPORATION ("Fairway" or "Defendant"), by and through its undersigned attorneys, hereby responds to the Complaint filed by Plaintiffs Military Certified Resident Specialist, LLC ("MCRSL") and MilRES, LLC ("MilRES") (collectively "Plaintiffs") as follows:

1. On information and belief, Plaintiffs' statement that their Program "through which real estate agents can gain knowledge and expertise to assist active duty personnel, veterans, and other former military personnel and their families with real estate services, and obtain a certification as a specialist in this area" was "the first program of its kind in the United States" is demonstrably false and, as such, it is denied.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 1 of the Complaint and therefore denies said allegations.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 2 of the Complaint and therefore denies said allegations.

3.      Defendant admits that United States Patent and Trademark Office ("USPTO") records show that "MilRES" is registered on the Principal Register and "Military Residential Specialist" and "Military Certified Residential Specialist" are registered on the Supplemental Register.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 3 of the Complaint and therefore denies said allegations.

4.      Defendant admits that in 2014 it was sponsoring a class for real estate professionals through the "Certified Military Residential Specialist" program, and that the undated website printout attached to the Complaint as Exhibit A, which speaks for itself, appears to be consistent with content posted in 2014 at <certifiedmilitaryresidentialspecialist.com>, a domain for which Fairway Independent Mortgage Corp. is the listed "Registrant Organization." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4 of the Complaint and therefore denies said allegations.

5.      Defendant admits that the "Certified Military Residential Specialist" program, which at times relevant to this Complaint was first administered by Defendant and later by the American Warrior Initiative, Inc. ("AWI"), a Wisconsin corporation incorporated on 3/12/2015 and amended to 501c(3) status effective 3/17/2016, offers a class to attendees who want to be certified as a specialist in providing residential services to military families.  Defendant further admits that the class is offered to and advertised through the internet and other media to, *inter alia*, professionals in the field of residential real estate serving military families, including mortgage brokers and real estate agents.  Defendant denies that the class or its logo have created or are likely to create any substantial confusion among consumers.  Defendant is without sufficient knowledge or information to admit or deny, or the remaining allegations of paragraph 5 of the Complaint require conclusions of law to which no response is required, and therefore

2

Defendant denies said allegations.

6.      Defendant admits that Plaintiffs have previously communicated with Defendant and that an amicable resolution was not reached.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 6 of the Complaint relating to Plaintiffs' motivations for filing this lawsuit, and therefore denies said allegations.

7.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the Complaint and therefore denies said allegations.

8.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Complaint and therefore denies said allegations.

9.      Admitted.

10.     The allegations of this paragraph are conclusions of law to which no response is required.  By way of further answer, Defendant does not contest subject matter jurisdiction.

11.     The allegations of this paragraph are conclusions of law to which no response is required.  By way of further answer, Defendant does not contest personal jurisdiction.

12.     The allegations of this paragraph are conclusions of law to which no response is required.  By way of further answer, Defendant does not contest venue.

13.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies said allegations.

14.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 14 in connection with an application to register "MilRES" in standard characters with no stylization or design elements.

15.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 15, assuming that "the certificate" refers to the Certificate of Registration issued for the enumerated Registration Number.

16.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 16 relating to the application date and the serial number.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 16 of the Complaint and therefore denies said allegations.

17.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 17, assuming that "the certificate" refers to the Certificate of Registration issued for the enumerated Registration Number.

18.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 18 relating to the application date and the serial number.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint and therefore denies said allegations.

19.     Defendant admits USPTO database records show information consistent with the allegations of paragraph 19, assuming that "the certificate" refers to the Certificate of Registration issued for the enumerated Registration Number.

20.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20 of the Complaint and therefore denies said allegations.

21.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 21 of the Complaint and therefore denies said allegations.

22.     Defendant is without sufficient knowledge or information to admit or deny the

allegations of paragraph 22 of the Complaint and therefore denies said allegations.

    23.    Admitted.

    24.    Defendant admits that Ms. Thaxton received written materials bearing the

following logo:



The materials welcomed attendees to the "Military Residential Specialist (MilRES) Instructor

Development Workshop" and contained the following statement:

> Please understand that all of the materials given out at this
> event are either service marked or copywrited. You may only
> use these materials or duplicate thest materials with expressed
> written permission from MilRESsm. Those who decide not to
> continue with our program can turn the materials in to Betsy
> or Nancy.

Defendant admits Ms. Thaxton or Fairway never were given express permission by MilRES, but

denies that Ms. Thaxton or Fairway made any use of the materials in any manner that required

such permission.  Defendant is without sufficient knowledge or information to admit or deny the

remaining allegations of paragraph 24 of the Complaint and therefore denies said allegations.

    25.    Defendant is without sufficient knowledge or information to admit or deny when

or what Plaintiffs "learned" and therefore denies said allegations.  Defendant denies that the

accused logo is "nearly identical to MilRES" or that its training materials at any time "mimicked

those developed by MilRES."  Defendant admits the remaining allegations.

26.     Defendant admits it received a letter from Plaintiffs dated July 16, 2014, which letter speaks for itself.  To the extent Plaintiffs' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 26 are denied.

27.     Defendant admits it sent a letter to Plaintiffs dated August 14, 2014, which letter speaks for itself.  To the extent Plaintiffs' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 27 are denied.

28.     Defendant admits it received a letter from Plaintiffs dated September 12, 2014, which letter speaks for itself.  To the extent Plaintiffs' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 28 are denied.

29.     Defendant admits that the flyer attached as Exhibit B, which flyer speaks for itself, appears to be a copy of flyers advertised on Defendant's website and transmitted by email to an email address that appears to be associated with Mr. West and to a distribution list of, *inter alia*, members of the real estate community.  To the extent Plaintiffs' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 29 are denied.

30.     Defendant admits it received a letter from Plaintiffs dated March 24, 2015, which letter speaks for itself.  To the extent Defendant' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 30 are denied.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Defendant admits that the email and flyer attached as Exhibit C appears to be a copy of an email and flyer sent from an email address corresponding to an employee of Defendant, which email and flyer each speaks for itself.  To the extent Plaintiffs' characterizations may be interpreted to contain allegations beyond the admission stated above, the remaining allegations of paragraph 34 are denied.

35.     Defendant admits that Ms. Thaxton has at all times pertinent hereto been an employee of Fairway.  As of the date this Complaint was filed and thereafter, however, Ms. Thaxton's efforts with respect the educational seminars at issue in this case have been as an agent of AWI.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 39 of the Complaint and therefore denies said allegations.

40.     Denied.

41.     Denied.

## COUNT I

42.     Defendant incorporates by reference its responses to paragraphs 1-41 above as if

fully set forth herein.

43.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 43 of the Complaint and therefore denies said allegations.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## COUNT II

49.     Defendant incorporates by reference its responses to paragraphs 1-48 above as if fully set forth herein.

50.     Denied.

51.     Admitted the Plaintiffs have no control over the nature and quality of Fairway's goods and services.  Defendant denies the remaining allegations of paragraph 51 of the Complaint.

52.     Denied.

## COUNT III

53.     Defendant incorporates by reference its responses to paragraphs 1-52 above as if fully set forth herein.

54.     Denied.

55.     Denied.

## COUNT IV

56.     Defendant incorporates by reference its responses to paragraphs 1-55 above as if fully set forth herein.

57.     Denied.

58.     Denied.

59.     Denied.

## COUNT V

60.     Defendant incorporates by reference its responses to paragraphs 1-59 above as if fully set forth herein.

61.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 61 of the Complaint and therefore denies said allegations.  Plaintiffs fail to identify in the Complaint the "various forms, iteration and styles and other unregistered marks incorporating similar designs" referred to in paragraph 61.

62.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 62 of the Complaint and therefore denies said allegations.  Plaintiffs fail to identify in the Complaint the "Unregistered Marks" referred to in paragraph 62.

63.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 63 of the Complaint and therefore denies said allegations.  Although Plaintiffs fail to identify in the Complaint the "Unregistered Marks and associated trade dress" referred to in paragraph 63, Defendant denies it has used any marks or trade dress anywhere that could be construed to be "Plaintiff's Unregistered Marks and associated trade dress."

64.     Defendant is without sufficient knowledge or information to admit or deny the

allegations of paragraph 64 of the Complaint and therefore denies said allegations.  Plaintiffs fail to provide in the Complaint sufficient information to enable Defendant to determine the "acts" of which it is accused in paragraph 64, but Defendant denies it has committed any acts that constitute unfair competition, deceptive advertising, or unfair trade practices that have caused or are causing Plaintiffs damages and loss of profits.

65.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 65 of the Complaint and therefore denies said allegations.  Plaintiffs fail to provide in the Complaint sufficient information to enable Defendant to determine the "conduct" sought to be enjoined in paragraph 65, but Defendant denies it has engaged in any unlawful conduct that has caused or will continue to cause Plaintiffs irreparable harm unless enjoined.

## COUNT VI

66.     Defendant incorporates by reference its responses to paragraphs 1-65 above as if fully set forth herein.

67.     Denied.

68. (1st)     Denied.

## COUNT VII

68. (2d)     Defendant incorporates by reference its responses to paragraphs 1 -68 (1st) above as if fully set forth herein.

70.     Denied.

71.     Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 71 of the Complaint and therefore denies said allegations.  Plaintiffs fail

10

to identify in the Complaint the "business opportunities" referred to in paragraph 71.

72.    Denied.

73.    Denied.

## GENERAL DENIAL

Defendant denies any and all allegations of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Further answering and as additional defenses, Defendant states the following without admitting any allegation of the Complaint not otherwise admitted, and without assuming the burden of proving any fact that is Plaintiffs' to prove.  Defendant reserves the right to amend or augment these defenses based on further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands – Deceptiveness)

74.    The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands because Plaintiffs ask this Court enjoin the activities of Defendant based upon assertion of alleged rights in "Military Certified Residential Specialist" as a mark, which is deceptive and materially false or misleading when used in connection with Plaintiffs' services.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands – Fraud)

75.    The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands because Plaintiffs ask this Court enjoin the activities of Defendant based upon assertion of U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" and

U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist," which registrations were fraudulently procured.

## THIRD AFFIRMATIVE DEFENSE

(Trademark Invalidity and Unenforceability)

76.     The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of the asserted marks are generic and/or so descriptive as to be incapable of trademark protection under Federal, Delaware, or common law.

## FOURTH AFFIRMATIVE DEFENSE

(Fair Use)

77.     The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use and/or descriptive use.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Secondary Meaning)

78.     The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of the asserted marks lacked secondary meaning at the time Defendant first commenced use of any allegedly infringing term.

## SIXTH AFFIRMATIVE DEFENSE

(Privilege)

79.     The claims made in the Complaint are barred, in whole or in part, on the basis of the privilege, because Defendant is privileged to use generic or descriptive words and phrases that are not legally protectable or legally protected, and claims arising from privileged use cannot give rise to a claim for relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

80.     The claims made in the Complaint are barred, in whole or in part, on the basis of federal preemption, to the extent they seek a remedy for alleged actions by Defendant that are exclusively governed by federal copyright law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, and/or Estoppel)

81.     The claims made in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

82.     The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief may be granted, including but not limited to any claim relating to unidentified unregistered marks or unregistered trade dress and any claim relating to misappropriation of "content" that is exclusively protected by federal copyright law.

## TENTH AFFIRMATIVE DEFENSE

### (Enhanced/Increased Damages Unavailable)

83.     Any claims made in the Complaint for enhanced or increased damages are barred, in whole or in part, because Defendant has not engaged in any conduct that meets the applicable standard for willful infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

(Wrong Party)

84.     Any claims made in the Complaint against Defendant arising from the activities of American Warrior Initiative, Inc. are barred, in whole or in part, because Defendant is not the proper party to answer for such claims.

## TWELVTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Party)

85.     The claims made in the Complaint are barred, in whole or in part, because Plaintiffs have failed to join indispensable party American Warrior Initiative, Inc.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

86.     The claims made in the Complaint are barred, in whole or in part, because Plaintiffs cannot show that any attendees of Defendant's courses would have attended Plaintiffs' courses, but for any actionable alleged conduct by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Monetary Damages)

87.     The claims made in the Complaint are barred, in whole or in part, because Plaintiffs cannot show that Defendant has profited from any actionable alleged conduct by Defendant.

## COUNTERCLAIMS

Defendant for its counterclaims against Plaintiffs Military Certified Resident Specialist, LLC and MilRES, LLC alleges and states as follows:

## FIRST COUNTERCLAIM

### (Cancellation of U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist")

88.     A reasonable interpretation of the adjective string "Military Certified" is to convey that the noun(s) modified by the adjective string is (or are) or has (or have been) "certified by the military."

89.     The term "Military Certified" is understood by relevant consumers to mean "certified by the military."

90.     Plaintiffs' courses offered in connection with the name "Military Certified Residential Specialist" are not "military certified."

91.     Certifications awarded to attendees of Plaintiffs' courses are not conferred by, associated with, or endorsed by the military.

92.     The term "Military Certified Residential Specialist" constitutes a representation that the courses so named, and/or attendees of such courses who advertise having received a certification relating thereto, are or have been "military certified."

93.     Consumers are likely to believe that Plaintiffs' "Military Certified Residential Specialist" courses, and/or the attendees thereof who advertise having received a certification relating thereto, are or have been "military certified."

94.     In making a decision whether to attend Plaintiffs' courses or engage the services

of attendees thereof, Consumers are likely to materially rely on their belief that Plaintiffs'

"Military Certified Residential Specialist" courses, and/or the attendees thereof who advertise

having received a certification relating thereto, are or have been "military certified."

95.     For the above reasons, Plaintiffs' alleged mark "Military Certified Residential

Specialist" is deceptive.

96.     Registration of deceptive marks is barred by Section 2(a) of the Lanham Act.

97.     This Court has the power to cancel a deceptive mark under Sections 14(3), 24 and

37 of the Lanham Act.

98.     For the foregoing reasons, Plaintiffs' U.S. Trademark Registration No. 4,741,044

for "Military Certified Residential Specialist" should be cancelled under Sections 14(3), 24 and

37 of the Lanham Act.

## SECOND COUNTERCLAIM

**(Cancellation for Fraud in the Procurement of**
**U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" and**
**U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist")**

99.     Defendant incorporates by reference its responses and allegations in paragraphs

1 – 98 above as if fully set forth herein.

100.    At the time Plaintiffs applied to register the terms "Military Residential

Specialist" and "Military Certified Residential Specialist," and at the time of bringing this

lawsuit, Plaintiffs had knowledge of the prior use of the term "Certified Residential Specialist"

and the associated designation "CRS" by the Council of Residential Specialists (an affiliate of

the National Association of Realtors) in connection with certification programs for real estate

agents.

101.    Mr. Howard G. ("Buddy") West is a principal of Plaintiffs, and executed declarations associated with applications to the United States Patent and Trademark Office to register the alleged marks "Military Residential Specialist" and "Military Certified Residential Specialist" asserted in this action.

102.    Mr. Howard G. ("Buddy") West has a CRS certification.

103.    Mr. Howard G. ("Buddy") West has had his CRS certification since at least as early as 1987.

104.    The term "Military Residential Specialist" differs from the term "Certified Residential Specialist" only by the term "Military" replacing the term "Certified."

105.    The term "Military Certified Residential Specialist" differs from the term "Certified Residential Specialist" only by addition of the term "Military" before "Certified."

106.    Plaintiffs did not disclose to the Trademark Office their knowledge that "Certified Residential Specialist" was in use by others for educational services in the nature of providing training of real estate agents for certification in the field of real estate services.

107.    In their applications to register the alleged marks "Military Residential Specialist" and "Military Certified Residential Specialist" with the USPTO, Plaintiffs' representative, Howard G. ("Buddy") West, executed a declaration stating, *inter alia*, that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

108.    By bringing this action, Plaintiffs assert that "Certified Military Residential

17

Specialist" is likely to cause confusion with "Military Certified Residential Specialist" and "Military Residential Specialist," which is inconsistent with Plaintiffs' representation to the Trademark Office that "Military Certified Residential Specialist" and "Military Residential Specialist," were not likely to cause confusion with "Certified Residential Specialist."

109.    Plaintiffs' foregoing representations to the Trademark Office constituted fraud on the Trademark Office.

110.    Registrations procured by fraud are subject to cancellation under Section 14(3) of the Lanham Act.

111.    This Court has the power to cancel a registration for fraud under Sections 14(3), 24 and 37 of the Lanham Act.

112.    For the foregoing reasons, Plaintiffs' U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist" and U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" should be cancelled under Sections 14(3), 24 and 37 of the Lanham Act.

## THIRD COUNTERCLAIM

### (Cancellation of U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" as Generic or so Descriptive as to be Unregistrable)

113.    Defendant incorporates by reference its responses and allegations in paragraphs 1 - 112 above as if fully set forth herein.

114.    A definition of the term "military" is "of or relating to soldiers or the armed forces (such as the army, navy, marines, and air force)."

115.    A definition of the term "residential" is "of or relating to the places where people

live."

116.   A definition of the term "specialist" is "a person who has special knowledge and skill relating to a particular job, area of study, etc."

117.   The term "military residential specialist," when used in connection with attendees of Plaintiffs' programs, refers to a person who allegedly has special knowledge and skill relating to their job as a real estate agent relating to places for members of the armed forces to live.

118.   In their Complaint, Plaintiffs describe the services related to their registrations as "educational programs and classes . . . through which real estate agents can gain knowledge and expertise to assist . . . military personnel and their families with real estate services, and obtain a certification as a specialist in this area."

119.   The primary significance of the term "military residential specialist" is as a generic term for a person specialized in providing services to military families in connection with residential real estate.

120.   Defendant cannot effectively communicate the nature of its own seminars and the attendees thereof without using the term "military residential specialist."

121.   A registered mark that is or becomes generic for the services may be cancelled at any time under Section 14(3) of the Lanham Act.

122.   The term "military residential specialist" is so descriptive of the qualities of persons specialized in providing services to military families in connection with residential real estate and courses for providing instruction to such persons, that it is incapable of acquiring distinctiveness as a trademark.

123.   Non-generic terms that are so descriptive as to be incapable of functioning as a

trademark or service mark are not eligible for registration, even upon a showing of secondary meaning.

124.    For the foregoing reasons, Plaintiffs' U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" should be cancelled under Sections 14(3), 24 and 37 of the Lanham Act.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability
Due to Lack of Secondary Meaning in "Military Residential Specialist" and
Cancellation of U.S. Trademark Registration No. 4,169,442 therefor)**

125.    Defendant incorporates by reference its responses and allegations in paragraphs 1 - 124 above as if fully set forth herein.

126.    Plaintiff MilRES alleges it commenced use of "Military Residential Specialist" on June 30, 2011.

127.    Plaintiff MilRES filed U.S. Trademark Application No. 85/363,288 for "Military Residential Specialist" on July 5, 2011 seeking registration on the Principal Register.

128.    Plaintiff MilRES unconditionally amended U.S. Trademark Application No. 85/363,288 for "Military Residential Specialist" to seek registration on the Supplemental Register on April 24, 2012.

129.    Unconditional amendment of U.S. Trademark Application No. 85/363,288 for "Military Residential Specialist" to the Supplemental Register operates as a concession that the term "Military Residential Specialist" is not inherently distinctive, as a matter of law.

130.    Unconditional amendment of U.S. Trademark Application No. 85/363,288 for

"Military Residential Specialist" to the Supplemental Register on April 24, 2012, confers a presumption that the term "Military Residential Specialist" had not attained secondary meaning as of April 24, 2012.

131.    Plaintiffs' alleged mark "Military Residential Specialist" had not attained secondary meaning by April 24, 2012.

132.    Defendant first conducted a course in connection with the name "Certified Military Residential Specialist" at least as early as April 2013.

133.    Plaintiffs' alleged mark "Military Residential Specialist" failed to attain secondary meaning prior to Defendant's first use of "Certified Military Residential Specialist."

134.    Because Plaintiff MilRES failed to establish secondary meaning in "Military Residential Specialist" prior to Defendant's first use of "Certified Military Residential Specialist," the term "military residential specialist" does not have the legal status of a trademark or service mark, use by Plaintiff MilRES of the same does not have priority over any use by Defendant, and U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" is therefore invalid and unenforceable against Defendant, such that any use by Defendant of "Certified Military Residential Specialist" must be found non-infringing.

135.    For the foregoing reasons, Plaintiffs' U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist" should be cancelled under Sections 23(c), 24 and 37 of the Lanham Act, because it is not capable of distinguishing applicant's goods and services.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability
Due to Lack of Secondary Meaning in "Military Certified Residential Specialist" and
Cancellation of U.S. Trademark Registration No. 4,741,044 therefor)**

136.    Defendant incorporates by reference its responses and allegations in paragraphs 1 – 135 above as if fully set forth herein.

137.    Plaintiff MCRSL alleges it commenced use of "Military Certified Residential Specialist" on January 1, 2013.

138.    Plaintiff MCRSL filed U.S. Trademark Application No. 85/901,499 on April 11, 2013, seeking federal registration of "Military Certified Residential Specialist" on the Principal Register.

139.    Plaintiff MCRSL unconditionally amended U.S. Trademark Application No. 85/901,499 for "Military Certified Residential Specialist" to seek registration on the Supplemental Register on March 18, 2015.

140.    Unconditional amendment of U.S. Trademark Application No. 85/901,499 for "Military Certified Residential Specialist"  to the Supplemental Register operates as a concession that the term "Military Certified Residential Specialist" is not inherently distinctive, as a matter of law.

141.    Unconditional amendment of U.S. Trademark Application No. 85/901,499 for "Military Certified Residential Specialist" to the Supplemental Register on March 18, 2015, confers a presumption that the term "Military Certified Residential Specialist" had not attained secondary meaning as of March 18, 2015.

142.    Defendant first conducted a course in connection with the name "Certified

22

Military Residential Specialist" at least as early as April 2013.

143.     Plaintiff MCRSL failed to establish secondary meaning in "Military Certified Residential Specialist" prior to Defendant's first use of "Certified Military Residential Specialist" at least as early as April 2013.

144.     Because Plaintiff MCRSL failed to establish secondary meaning in "Military Certified Residential Specialist" prior to Defendant's first use of "Certified Military Residential Specialist," the term "military certified residential specialist" does not have the legal status of a trademark or service mark, use of the same by Plaintiff MCRSL does not have priority over any use by Defendant of "Certified Military Residential Specialist," and U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist" is therefore invalid and unenforceable against Defendant, such that any use by Defendant of "Certified Military Residential Specialist" must be found non-infringing..

145.     For the foregoing reasons, Plaintiffs' U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist" should be cancelled under Sections 23(c), 24 and 37 of the Lanham Act, because it is not capable of distinguishing applicant's goods and services.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of "MilRES")

146.     Defendant incorporates by reference its responses and allegations in paragraphs 1 - 145 above as if fully set forth herein.

147.     The term "MilRES" is a coined single 6-letter word comprising the first 3 letters "Mil" of the word "Military" and the first 3 letters "RES" of the word "RESIDENTIAL.'

148.     The term "Certified Military Residential Specialist" is a descriptive 4 word phrase

comprising the complete 9-letter word "Certified" followed by the complete 8-letter word

"Military" followed by the complete 11-letter word "Residential" followed by the complete 10-

letter word "Specialist."

149.    The term "Certified Military Residential Specialist" as used by Defendant in

connection with its goods and services relate only to the normally understood meanings of the

combination of words that form the term.

150.    The USPTO's granting of U.S. Trademark Registration No. 4,098,984 for the

term "MilRES" on the Principal Register without evidence of secondary meaning, in view of the

USPTO's refusal to register "Military Residential Specialist" on the Principal Register as merely

descriptive, is evidence the USPTO found that "MilRES" did not convey to consumers the

connotation "Military Residential Specialist."

151.    The term "MilRES" is not understood by consumers to mean "Military

Residential Specialist."

152.    The term "Certified Military Residential Specialist" is not substantially identical

to the term "MilRES."

153.    The term "Certified Military Residential Specialist" is not visually, phonetically,

or connotatively similar to, nor does it create a mental association with, the term "MilRES."

154.    The acronym "CMRS" is not visually, phonetically, or connotatively similar to,

nor does it create a mental association with, the term "MilRES."

155.    "Certified Military Residential Specialist" and "CMRS" are not confusingly

similar to the term "MilRES."

156.    "Certified Military Residential Specialist" and "CMRS" do not infringe any rights

Plaintiff MilRES owns in the term "MilRES" under Federal or State law, or common law.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment – All Counts )

157.    Defendant incorporates by reference its responses and allegations in paragraphs 1 - 156 above as if fully set forth herein.

158.    Plaintiffs' asserted marks "Military Residential Specialist" and "Military Certified Residential Specialist" are not valid or enforceable under Federal, State or Common Law.

159.    Use of "Certified Military Residential Specialist" and /or "CMRS" in connection with educational classes to teach service providers how to specialize in assisting military families with residential purchases does not violate any rights Plaintiffs' have asserted in the terms "Military Residential Specialist," Military Certified Residential Specialist," or "MilRES," under Federal, State or Common Law.

160.    Plaintiffs have not alleged facts sufficient to state a claim relating to alleged infringement of unspecified unregistered marks or unregistered trade dress owned by Plaintiffs or alleged copying by Defendants of course content.

161.    The terms "Certified Military Residential Specialist" and the corresponding acronym "CMRS" are descriptive in connection with educational classes that certify service providers in how to specialize in assisting military families with residential purchases.

162.    Descriptive use of "Certified Military Residential Specialist" and the corresponding acronym "CMRS" constitute fair use in connection with educational classes that certify service providers in how to specialize in assisting military families with residential purchases.

163.    Plaintiffs have not alleged copyright infringement in this action.

164.    Plaintiffs do not own a patent covering a method for providing educational classes that certify service providers in how to specialize in assisting military families with residential purchases.

165.    Plaintiffs have no basis to exclude others from making fair or other non-infringing use of descriptive terms in advertising.

166.    Plaintiffs have no basis to exclude others from teaching educational classes that certify service providers in how to specialize in assisting military families with residential purchases.

167.    Use of "Certified Military Residential Specialist" and "CMRS" in connection with educational classes to teach service providers how to specialize in assisting military families with residential purchases does not violate any rights or give rise to any claim asserted by Plaintiffs' in this action.

### EIGHTH COUNTERCLAIM

**(Violation of Del. Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq*.)**

168.    Defendant incorporates by reference its responses and allegations in paragraphs 1 - 167 above as if fully set forth herein.

169.    By use of the term "Military Certified Residential Specialist," Plaintiff MCRSL has engaged in a deceptive trade practice in violation of 6 Del. C. § 2532(a), *inter alia*, because, (a) in the course of its business it has represented that its services have sponsorship or approval of the military, when its services do not have such sponsorship, approval or certification, and (b) such representations cause a likelihood of confusion among relevant consumers as to the

26

certification by the military of Plaintiff MCRSL's services.

170.     On information and belief, Plaintiffs, or their principal Howard ("Buddy") G. West, have disparaged and continue to disparage Defendant's business to third parties by making false or misleading representations of fact alleging that Defendant copied the content of Plaintiffs' program and/or have infringed Plaintiffs' alleged trademarks.

171.     Defendant has been damaged and will continue to be damaged by Plaintiff MCRSL's deceptive trade practices, and is entitled to (a) the grant of an injunction against Plaintiff MCRSL's deceptive trade practices, and (b) treble damages and attorney's fees, pursuant to 6 Del. C. § 2533.

## NINTH COUNTERCLAIM

### (Common Law Commercial Disparagement)

172.     Defendant incorporates by reference its responses and allegations in paragraphs 1 – 171 above as if fully set forth herein.

173.     On information and belief, Plaintiffs, or their principal Howard ("Buddy") G. West, have disparaged and continue to disparage Defendant to third parties by claiming Defendant copied the content of Plaintiffs' program and infringed Plaintiffs' alleged trademarks, which statements are false, and which statements have caused and will continue to cause material and reputational harm to Defendant.

174.     Plaintiffs, or their principal Howard ("Buddy") G. West, have made the foregoing statements with an intent to hurt Defendant in its trade or business.

175.     Plaintiffs, or their principal Howard ("Buddy") G. West, have acted negligently or with actual malice and without a privileged basis to make the foregoing claims.

176.    Defendants have suffered pecuniary losses as a result of the disparaging statements by Plaintiffs and is entitled to an order awarding damages to Defendants and enjoining Plaintiffs from continuing such disparagement.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Defendant/Counter Plaintiff Fairway prays for the following relief:

A.      Dismissal of all of Plaintiffs' claims of injunctive relief under the defense of Unclean Hands.

B.      Cancellation of Plaintiffs' U.S. Trademark Registration No. 4,169,442 for "Military Residential Specialist."

C.      Cancellation of Plaintiffs' U.S. Trademark Registration No. 4,741,044 for "Military Certified Residential Specialist."

D.      A declaratory judgment holding that Plaintiffs failed to attain secondary meaning in the terms "Military Residential Specialist" and "Military Certified Residential Specialist" prior to Defendant's first use of "Certified Military Residential Specialist" and "CMRS."

E.      A declaratory judgment holding that "Military Residential Specialist" and "Military Certified Residential Specialist" do not have the legal status of trademarks or service marks.

F.      A declaratory judgment holding that use of "Certified Military Residential Specialist" and "CMRS" does not infringe or dilute any alleged trademark or service rights owned by Plaintiffs; does not constitute a false designation of origin, a false or misleading

description or representation of fact, or false or misleading advertising; does not constitute unfair competition; and does not constitute unjust enrichment under Federal, State, or common law.

      G.     A holding that use of "Certified Military Residential Specialist" and "CMRS" in connection with educational classes that certify service providers in how to specialize in assisting military families with residential purchases, and individuals so certified, is descriptive fair use.

      H.     A holding that use of "Certified Military Residential Specialist" and "CMRS" in connection with educational classes that certify service providers in how to specialize in assisting military families with residential purchases, and individuals so certified, fails to give rise to any other claim set forth in this Action.

      I.     A holding that Plaintiffs are not entitled to injunctive or monetary relief or fees, cost, disbursements or expenses for any claim set forth by Plaintiffs in this Action.

      J.     An injunction enjoining Plaintiffs and their principals from commercially disparaging Defendant, and an award of damages to compensate Defendant for such commercial disparagement.

      K.     An injunction enjoining Plaintiffs' deceptive trade practices, and an award of treble damages and attorney's fees for injuries to Defendant arising from such practices.

      L.     Any other relief that this Court deems just and proper.

Dated: June 8, 2017

    */s/ Rex A. Donnelly*
    Rex A. Donnelly (#3492)
    Christopher Blaszkowski (#5673)
    RATNERPRESTIA
    1007 Orange Street, Suite 205 Wilmington, DE 19801
    (302) 778-2500 (phone)
    (302) 778-2600 (fax)
    *rdonnelly@ratnerprestia.com*
    *cblaszkowski@ratnerprestia.com*

    *Attorneys for Defendant*
    *Fairway Independent Mortgage Corporation*